DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment of conviction and sentence. The trial court, after a bench trial, found Seth A. McKinniss, defendant below and appellant herein, guilty of petty theft in violation of Jackson Municipal Ordinance 545.05(A)(1)(E).
 {¶ 2} Appellant assigns the following errors for review and determination:[1]
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN RENDERING A DECISION WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CAPRICIOUSLY REFUSED TO ACCEPT THE STATE'S DISMISSAL AND REFUSED TO READ THE VICTIM/OWNER'S STATEMENT."
 {¶ 3} On the evening of December 24, 2005, Eric Teichman asked appellant to drive him to Chillicothe to see his daughter. Appellant agreed on the condition that Teichman pay for eight dollars ($8) of gasoline. Before leaving Jackson, appellant and Teichman stopped at the "Main Express" on old Route 35 where appellant put gas into his car. He then went into the store to use the restroom. When appellant exited the restroom, he observed Teichman at the cash register purchasing several articles. Appellant assumed that Teichman also paid for the gasoline.
 {¶ 4} The two men exited the store and left the premises. Soon thereafter, one of the store clerks informed a deputy Sheriff at the drive through window that the men left without paying for the gasoline. The deputy apprehended them and returned the men to the Main Express. Teichman then paid for the gasoline.
 {¶ 5} Subsequently, appellant was charged with theft in violation of Jackson City Ordinance No. 545.05(A)(1)(E). At his bench trial, appellant testified that the incident resulted from his mistaken belief Teichman paid for the gasoline. Officer Alan Potter confirmed that appellant gave this explanation that evening and that Teichman ultimately paid for the gas. After hearing the evidence and counsels' arguments, the trial court found appellant guilty of theft. This appeal followed.
 I. {¶ 6} Appellant's first assignment of error asserts that the trial court's verdict is against the manifest weight of the evidence. We agree with appellant that the verdict must be reversed, but do so for different reasons, both factually and legally, than those appellant advanced. Jackson City Code No. 545.05 apparently provides in pertinent part:[2]
"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
(1) Without the consent of the owner . . ." (Emphasis added.) After our review of the case sub judice, our concern is that appellee's evidence did not establish that appellant knowingly
deprived Main Express of the gasoline. A person acts knowingly when he is aware that his conduct will probably cause a certain result. R.C. 2901.22(B); State v. Ward, Washington App. No. 05CA3, 2006-Ohio-4847, at ¶ 16; State v. Askew, Ross App. No. 05CA2877, 2006-Ohio-4769, at ¶ 28. Under the peculiar facts and circumstances in the case at bar, we are not persuaded that sufficient evidence exists to establish that appellant was aware that a theft of gasoline from this establishment had been committed.[3]
 {¶ 7} Our review reveals no evidence to show that appellant was aware that he was involved in the theft of gasoline. Although the evidence is somewhat unclear, it is very unlikely that appellant would enter the establishment in order to steal gasoline and then drive off even though a Sheriff's deputy was apparently at the scene. The evidence suggests this scenario was a simple mixup and that appellant did not knowingly deprive Main Express of its gasoline.
 {¶ 8} Not only do we believe that appellee failed to prove that appellant knowingly stole the gasoline, we also find that appellant offered compelling evidence to disprove the existence of the requisite mental state. The evidence was uncontroverted that appellant and Teichman agreed that Teichman would pay for the gasoline if appellant drove him to Chillicothe. Appellant exited the bathroom and observed Teichman paying the Main Express clerk. This reasonably suggests that Teichman was fulfilling his end of the agreement. Finally, Teichman, and not appellant, paid for the gas after they were apprehended (and apparently pled guilty to a theft offense). If the two had never had such an arrangement, it is unlikely that Teichman would have volunteered to pay for the gasoline.
 {¶ 9} We concede that these "theft-by-mistake" cases can be problematic. In State v. Colbert, Jackson App. No. 05CA3,2005-Ohio-4427, a plurality of this Court affirmed a conviction for complicity to theft after the appellant's friend pocketed some cosmetics appellant placed in her cart. We acknowledged that defendant made a plausible defense that she was unaware her friend would steal the cosmetics, id. at ¶ 15, but nevertheless affirmed because (1) the factual sequence was suspicious[4]
and (2) the defendant made inconsistent statements concerning the events that had transpired. Id. at ¶ 18.
 {¶ 10} By contrast, in the case sub judice, the uncontroverted facts support appellant's claim that he did not knowingly leave the gasoline station without paying for the gasoline. Appellant testified that he believed that his friend had paid for the gas and all of the evidence supports that version of the facts. Moreover, as Officer Potter made clear during his testimony, appellant has been consistent — from the time he was apprehended to the time he testified below — in his explanation as to the events of that evening.
 {¶ 11} In State v. Ratkovich, Jefferson App. No. 02-JE-16,2003-Ohio-7268, our colleagues in the Seventh District reversed a conviction for complicity to theft after the defendant dropped her son off in a Circuit City Parking lot, the son entered the store, gathered up two Sony Play Station Game systems, exited the store without paying for the merchandise, hopped into his mother's vehicle and yelled for her to "take off." The Court concluded that the evidence did not suggest that appellant knew that her son intended to steal the merchandise. Id. at ¶¶ 23-26.
 {¶ 12} Likewise, in this case, we find no evidence to show that appellant had the intent to steal the gasoline. Although he may have demonstrated poor judgment and negligence in not making sure that Teichman had paid for the gasoline, nothing indicates that appellant knowingly deprived Main Express of its gasoline.
 {¶ 13} We emphasize that cases like this one, as well as Colbert and Ratkovich, are highly fact specific. Even a small change in facts could lead to a very different outcome. For instance, if appellant had not seen Teichman paying the clerk, he may not have had a legitimate basis to believe that the gas had been paid for. Also, if Teichman had not paid the clerk that evening after they had been apprehended, that may have cast doubt on appellant's explanation. Similarly, if appellant had sped off or behaved suspiciously, or if the store clerk testified that the men behaved suspiciously or left the premises in a hurry or if Teichman had denied any agreement to pay for gasoline, his claim of mistake would be a question of weight and credibility for the trier of fact.
 {¶ 14} In this case, however, we find no evidence to establish that appellant knowingly left Main Express without paying for the gasoline. Rather, the evidence adduced below supports appellant's claim that he believed that Teichman had paid for the gasoline. Thus, we conclude that insufficient evidence exists to support the judgment of conviction and we accordingly sustain appellant's first assignment of error.
 {¶ 15} Having sustained appellant's first assignment of error, the second and third assignments of error have been rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c). We hereby reverse the trial court's judgment and appellant is ordered discharged.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant be discharged. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[1] Appellant's brief does not include a separate statement of the assignments of error as required by App.R. 16(A)(3), we have taken the assignments of error from portions of his argument.
[2] If determination of an assignment of error depends on consideration of a municipal ordinance, App.R. 16(E) requires that a copy of that ordinance to be included as an exhibit to the brief. Although neither party attached a copy of the ordinance to their brief, appellant does include the provisions in the body of his brief. Because appellee does not contest the recitation of that ordinance, we will accept it.
[3] A distinct difference exists between a challenge to the sufficiency of evidence and a challenge to its manifest weight. See State v. Johnson (2000), 88 Ohio St.3d 95, 112,723 N.E.2d 1054; State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, at paragraph two of the syllabus. Although appellant couches the assignment of error in terms of a challenge to the manifest weight, we believe the question is whether sufficient evidence exists to establish appellant's requisite mental state. In reviewing sufficiency of the evidence, we look to the adequacy of evidence — that is to say, whether the evidence, if believed, reasonably supports a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. Our standard of review is whether, after viewing the evidence and all inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57,840 N.E.2d 1032, 2006-Ohio-160, at ¶ 34; State v. Jones (2000),90 Ohio St.3d 403, 417, 739 N.E.2d 300, 315; State v. Dennis
(1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096, 1105; alsosee Jackson v. Virginia (1979), 443 U.S. 307, 319,61 L.E.2d 560, 99 S.Ct. 2781.
[4] Appellant placed the cosmetics in her accomplice's cart, quickly conversed with her and then proceeded to walk off while the accomplice took the cosmetics out of their box and placed them in her purse. 2005-Ohio-4427, at ¶ 18.